UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS RATLIFF, | ) | 3:06CV1931 |
| | ) | |
| Petitioner | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| ROB JEFFREYS, | ) | |
| Warden | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Dennis Ratliff ("Ratliff") has filed a petition pro se for a writ of habeas corpus arising out of his 2001 conviction for rape in the Columbiana County, Ohio, Court of Common Pleas. (Doc. 1.) Ratliff raises five grounds for relief in his petition:

1. Factors used to increase Petitioner's sentence were not indicted or admitted to by the Petitioner or proven to a jury.

2. No formal HB-180 hearing was held, no clear and convincing evidence of recidivism was presented. No preparation by Defense to protect Petitioner.

3. The Court used "worst form" to increase Petitioner's sentence without indicting the factor and presenting it to a jury or agreed to by Petitioner.

4. The Seventh District Appellate Court of Ohio denied Petitioner "Due Process by applying a time limit and good cause to a APP R 5(A) appeal.

      5. The Appellant states that the remedy that was given by the Ohio Supreme Court in Foster v. Ohio. Is unconstitutional on the grounds of EX Post Facto[.]

(Doc. 1, at §§ 12A.-12.E.) The respondent argues that the petition should be denied as time-barred. (Doc. 9, at 7-11.)

## I. PROCEDURAL BACKGROUND

On Oct. 5, 2001, Ratliff entered a guilty plea to one count of first degree rape, in violation of Ohio Rev. Code § 2907.02(A)(1)(b), involving his ten-year old daughter. (Doc. 9, RX 2-3.) Ratliff was sentenced on Jan. 11, 2002, to a prison term of ten years, and was classified (as stipulated) as a sexual predator. (Doc. 9, RX 6-7; see also RX 2, at 14.)

On Sept. 25, 2005, Ratliff filed a motion for leave to file a delayed appeal, pursuant to Ohio App. R. 5(A), based on an alleged violation to his right to counsel under the Sixth Amendment. (Doc. 9, RX 8-9.)

On Nov. 21, 2005, the appellate court denied his motion for leave, finding that he had not shown good cause for the untimely filing. (Doc. 9, RX 10.) The court also denied Ratliff's motion for reconsideration. (Doc. 9, RX 13.)

Ratliff next filed an appeal with the Supreme Court of Ohio on Jan. 3, 2006, based on five propositions of law. (Doc. 9, RX 14-15.) The first four claims alleged ineffective assistance of trial counsel, and the fifth alleged that the appellate court misapplied Rule 5(A) by improperly denying his appeal.

On April 12, 2006, the high court denied Ratliff leave to appeal and dismissed his appeal as not involving any substantial constitutional question. (Doc. 9, RX 18; State v. Ratliff, 109 Ohio St.3d 1407, 845 N.E.2d 523 (2006).)

Ratliff filed a petition for a writ of habeas corpus on Aug. 11, 2006. (Doc. 1.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Ratliff has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

Several of the grounds put forward by Ratliff allege violations of Ohio law.  The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Federal habeas relief is not available for a claimed violation of state law, thus any alleged

4

violation of Ohio statutory law is not properly before this court. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

### III. STATUTE OF LIMITATIONS

The respondent argues that the petition is barred because it was filed after the statute of limitations had expired. (Doc. 9, at 10.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

On Jan. 11, 2002, Ratliff was sentenced to ten years for the rape conviction. (Doc. 9, RX 6-7.) The judgment entry of sentencing was dated that same date, Jan. 11, 2002. (Doc. 9, RX 6.)

5

Under Ohio law, Ratliff had 30 days within which to file his direct appeal after the date of sentencing. Ohio R. App. P. 4(A). Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing on Jan. 11, 2002. (Doc. 9, RX 6.) Thus, the statute began to run on Feb. 11, 2002. See, e.g., Goodballet v. Mack, 266 F.Supp. 2d 702, 705 (N.D. Ohio 2003). He did not file the motion for leave to file a delayed appeal until Sept. 25, 2005, long after the one-year habeas statute of limitations had already run. (Doc. 9, RX 8-9.) Although filing a motion for a delayed appeal may toll the running of a pending, unexpired one-year limitations period, it will not "revive" the statute, or cause it to begin running anew. DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir.), cert. denied, 534 U.S. 905 (2001); Buda v. Eberlin, No. 5:06cv1807, 2006 WL 2711792 (N.D. Ohio Sept. 21, 2006). Ratliff did not file his habeas petition until Aug. 11, 2006.

Thus, because the statute of limitations expired in February 2003, Ratliff failed to file his habeas petition within the one year limitation period.

## IV. RATLIFF'S TRAVERSE

First, Ratliff claims that he was not advised, by either counsel or the trial court, of his right to appeal. (Doc. 12, at 2-4.) Under Ohio law, a defendant who pleads guilty to a felony may appeal as a matter of right the sentence imposed on

6

one of several grounds[1] specified in the statute.  Ohio Rev. Code § 2953.08(A); DiCenzi, 452 F.3d at 467.  Ratliff claims that he was not advised of his right to do so, and thus contends that the timeliness of his petition should be determined under 28 U.S.C. § 2244(d)(1)(D), which reads, in relevant part:

> The [one year] limitation period shall run from the latest of . . . (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(Doc. 12, at 3-4, quoting 28 U.S.C. § 2244(d)(1)(D).)   Ratliff states that he learned of his right to an appeal "on or about August 30, 2004." Id. at 2.

Despite this newfound knowledge, Ratliff did not file his motion for leave to file a delayed appeal until Sept. 25, 2005, over a year later, and he did not file this habeas petition until Aug. 11, 2006, after almost another year had passed.  To benefit from this provision, the petition must be filed within one year from the date of the discovery.  Coldiron v. Timmerman-Cooper, No. 3:04cv7750, 2007 WL 1813201, at *4 (N.D. Ohio June 19, 2007) (citing DiCenzi v. Rose, 419 F.3d 493, 497-500 (6th Cir. 2005)); Mosley v. Petro, No. 5:04cv726, 2006 WL 2640958, at *5 (N.D. Ohio Sept. 13, 2006).  Ratliff did not file his petition until almost two years later.

Ratliff seeks to excuse this lack of diligence by arguing that it was not clear until Feb. 27, 2006, "that the Blakely [v. Washington, 542 U.S. 296 (2004)] jurisprudence did in fact apply to Ohio's sentencing scheme."  That is the date on

---

[1] Several of the grounds have been impacted by the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), cert. denied, 127 S.Ct. 442 (2006).

which the Supreme Court of Ohio announced its decision in State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), cert. denied, 127 S.Ct. 442 (2006). The court notes that Ratliff had already filed his motion for leave to file a delayed appeal. Nonetheless, Ratliff contends the limitation period should begin from the February 2006 date. (Doc. 12, at 10.)

Ratliff contends that it would have been useless to file an appeal any earlier, because it was unclear whether Blakely should apply to Ohio's sentencing scheme until Foster was decided. (Doc. 12, at 9-11.) However, the Sixth Amendment sentencing issue arose several years earlier, in Apprendi v. New Jersey, 530 U.S. 466 (2000). Ratliff's motion for leave to file a delayed appeal recognizes as much. See doc. 9, RX 9, at 3 (citing Apprendi). Indeed, the Supreme Court in Blakely stated that: "This case requires us to apply the rule we expressed in Apprendi." Blakely v. Washington, 542 U.S. 296, 301 (2004).[2]

This line of argument appears to implicate the "new rule" doctrine. The habeas statute provides that the one-year limitation period shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). See, e.g., Tyler v. Cain, 533 U.S. 656, 677 (2001) (Breyer, J., dissenting); Outlaw v. Sternes, 233 F.3d 453, 455 (7th Cir. 2000). This provision is inapplicable here for

---

[2]Likewise, State v. Foster was based on both Apprendi and Blakely. See State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (syllabus, ¶ 3).

8

two reasons: 1) the Foster case was decided by the Ohio Supreme Court, not the U.S. Supreme Court, and 2) the underlying Blakely decision does not apply retroactively to cases on collateral review, that is, after a conviction has become final on direct appeal.[3] See Schriro v. Summerlin, 542 U.S. 348, 358 (2004) (new procedural rule does not apply retroactively to cases already final on direct review); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005), cert. denied, 546 U.S. 885 (2005)).

The limitations period under 28 U.S.C. § 2244(d)(1)(D) does not begin "when a prisoner actually understands what legal theories are available." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). Accord Townsend v. Lafler, No. 02-2151, 2004 WL 1098757 (6th Cir. May 14, 2004), cert. denied, 543 U.S. 1062 (2005). Rather, the year "begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Id. See also Earls v. Hernandez, 403 F.Supp.2d 985, 989 (C.D. Cal. 2005) (citing cases).

Even under 28 U.S.C. § 2244(d)(1)(D), Ratliff's petition was not timely filed.

### A. Equitable tolling

Ratliff's arguments also raise the question of whether he would be eligible to benefit from equitable tolling.

---

[3] Similarly, the change in Ohio sentencing law is applicable only to those cases pending on direct review. Minor v. Wilson, No. 05-3534, 2007 WL 106771, at *6 n.1 (6th Cir. Jan. 17, 2007); Foster, 109 Ohio St.3d at 31, 845 N.E.2d at 499 (citing United States v. Booker, 543 U.S. 220, 268 (2005)).

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc. 209 F.3d 552, 560-561 (6th Cir. 2000) (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984); Johnson v. United States Postal Serv., 64 F.3d 233, 238 (6th Cir. 1995)). The circumstances which will lead to equitable tolling are rare. King v. Bell, 378 F.3d 550, 553 (6th Cir. Aug. 3, 2004) (citing Dunlap v. United States, 250 F.3d 1001, 1009 (6th Cir. ), cert. denied, 534 U.S. 1057 (2001)); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (rare and exceptional).

The following factors are generally considered when the issue of equitable tolling arises:

> (1) lack of actual knowledge of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

King, 378 F.3d at 553 (quoting Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)). When the petitioner does not claim ignorance of the filing requirement, the court examines his diligence in pursuing his rights and the reasonableness of his ignorance of the effect of his delay. Id. See also Smith, 208 F.3d at 17 (party seeking equitable tolling must have acted with reasonable diligence throughout period he seeks to toll). The facts show that Ratliff failed to act with that reasonable diligence which would support a claim for equitable tolling.

As discussed earlier, Ratliff asserts that he became aware of his right to appeal on August 30, 2004, yet he did not file his motion for leave to file a delayed appeal until Sept. 25, 2005, over a year later, and he did not file this habeas petition until Aug. 11, 2006.

## V.  SUMMARY

The petition for a writ of habeas corpus should be denied.  The statute of limitations expired in February 2003, and Ratliff did not file his habeas petition within the one year limitation period.

## RECOMMENDATION

It is recommended that the petition be denied.

Dated:   Sept. 7, 2007              /s/ Kenneth S. McHargh
                                     Kenneth S. McHargh
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).