UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DENNIS RATLIFF,** | : | Case No. 3:06CV1931 |
| | : | |
| Petitioner, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **ROB JEFFERYS, Warden** | : | <u>ORDER</u> |
| | : | |
| Respondent. | : | |

On August 11, 2006 Petitioner, Dennis Ratliff ("Ratliff or Petitioner"), filed a petition for a *writ of habeas corpus* (Doc. 1) pursuant to 28 U.S.C. § 2254. On October 16, 2006, the Court referred (Doc. 5) this case to Magistrate Judge Kenneth S. McHargh, ultimately for preparation of a Report and Recommendation ("R&R") regarding Ratliff's petition. On December 18, 2006, Respondent, Rob Jeffreys ("Jefferys or Respondent"), filed a Return of Writ (Doc. 9). On February 20, 2007, Ratliff filed a Traverse (Doc. 12). On September 7, 2007, Magistrate Judge McHargh issued his R&R (Doc. 13) recommending that this Court deny Ratliff's petition and dismiss this case. On September 17, 2007, Ratliff filed objections to that R&R (Doc. 14).

The Court agrees with the R&R's conclusion that Ratliff's petition is time-barred by the AEDPA's one-year statute of limitations. As outlined in greater detail below, the Court concludes that Ratliff's petition must be **DENIED** and his case **DISMISSED.**

**I.      BACKGROUND**

The R&R accurately sets forth this case's undisputed factual and procedural background. (Doc. 13 at pp. 1-3.) In the interest of efficiency, therefore, the Court adopts the R&R's articulation of this case's factual and procedural background. To the extent necessary, if any, the Court will elaborate on factual and/or procedural issues worthy of additional consideration.

In sum, Ratliff's petition presents five grounds for *habeas* relief. (Doc. 1 at pp. 5-12.) Ratliff asserts two grounds for relief under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 453. He also challenges his classification as a sexual predator, the Seventh District Appellate Court of Ohio's denial of his motion for leave to file a delayed appeal, and the Ohio Supreme Court's holding in *State v. Foster*, 109 Ohio St. 3d 1 (Ohio 2006), *cert. denied*, 127 S. Ct. 442 (2006).

In his Traverse (Doc. 12) and Objections to the magistrate judge's R&R (Doc. 14), however, Ratliff focuses on the argument that his petition *pro se* for a *writ of habeas corpus* was not untimely under the AEDPA's one-year statute of limitations. He argues that he was not advised of his right to appeal from his guilty plea and did not learn of this right until approximately August 30, 2004. (Doc. 12 at pp. 1-3.) Furthermore, he argues that the limitations period did not begin to run until February 27, 2006, the date the Ohio Supreme Court announced its decision in *Foster*. Ratliff contends that the *Foster* decision clarified "that the *Blakely* jurisprudence did in fact apply to Ohio's sentencing scheme." (Doc. 12 at p. 10.) He argues that the *Foster* decision voided his sentence and, therefore, the AEDPA statue of limitations does not apply because there is no "final appealable order for sentencing purposes." (Doc. 14 at p. 1.) Lastly, he argues that his sentence is void under Ohio law (and therefore not subject to the AEDPA statute of limitations) because he was not informed of the imposition of post release control at his sentencing hearing. (*Id.*)

## II.    LAW AND STANDARD OF REVIEW

Because Ratliff filed his *habeas* petition on August 11, 2006, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's review that petition. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998); *see also Woodford v.*

*Garceau*, 538 U.S. 202, 210 (2003).[1] As a procedural matter, the AEDPA requires that *habeas* petitions be filed within one year of the latest of four triggering dates. In pertinent part, the AEDPA provides:

>    (d)(1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[2]

The AEDPA also outlines the standard by which federal courts review the merits of properly-asserted grounds for relief. In pertinent part, the AEDPA provides:

---

[1] The AEDPA applies to petitions filed <u>after</u> the Act's <u>April 26, 1996</u> effective date. *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

[2] As applicable, the Court addresses *infra* how the AEDPA, and case law, address tolling of the limitations period during a petitioner's pursuit of his direct appeal.

3

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

After passage of the AEDPA, the various circuits interpreted the standard to be applied differently under these provisions.[3] In response to these nationwide variations, the Supreme Court directly addressed the meaning of the AEDPA's statutory language and, as the Sixth Circuit has confirmed, announced that the statute "places a new <u>constraint</u> on the power of a federal *habeas* court to grant a state prisoner's application for a *writ of habeas corpus* with respect to claims adjudicated on the merits in state court." *Campbell v. Coyle*, 260 F.3d 531, 539 (6th Cir. 2001) (*quoting Williams v. Taylor*, 529 U.S. 362, 412 (2000)) (emphasis added).

Additionally, in reviewing *habeas* petitions, federal courts are obliged to "accept as valid a state court's interpretation of state law and rules of practice of that state." *Vroman v. Brigano,* 346

---

[3] *Compare Green v. French*, 143 F.3d 865 (4th Cir.1998), *and Nevers v. Killinger*, 169 F.3d 352, 358 (6th Cir. 1999)*, with Long v. Humphrey*, 184 F.3d 758 (8th Cir.1999), *and Matteo v. Superintendent, SCI Albion*, 171 F.3d 877 (3d Cir. 1999).

F.3d 598, 604 (6th Cir. 2003); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). Similarly, they are not free to ignore the pronouncement of a state appellate court on matters of state law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000). The standard of review applied to the merits of a petition for a *writ of habeas corpus*, therefore, is a stringent one.

### III. THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The magistrate judge concluded that Ratliff's petition is time-barred by the AEDPA's one-year statute of limitations.

First, the R&R analyzes the procedural history of the case and concludes that, because Ratliff did not file a timely appeal from his conviction, the statute began to run 30 days after the journal entry of his sentencing, *i.e.*, February 11, 2002. (Doc. 13 at p. 6.) The magistrate judge notes that filing a motion for leave to file a delayed appeal may toll the AEDPA statute of limitations, but it will not revive or re-set an expired statute. (*Id.*) He therefore concluded that Ratliff's petition is time-barred because the one-year AEDPA statute of limitations had expired when, almost four years later, Ratliff filed his motion for leave to file a delayed appeal.

Next, the R&R turns to Ratliff's argument that, under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations did not begin to run until Ratliff learned, through due diligence, that he had a right to appeal. (*Id.*) The magistrate judge concludes that Ratliff's petition was untimely even assuming § 2244(d)(1)(D) is applicable here. Although Ratliff attests that he learned of his right to appeal on or about August 30, 2004, he did not file his motion for leave to file a delayed appeal until September 25, 2005, over one year later. Moreover, he did not file this habeas petition until August 11, 2006.

5

Third, the R&R rejects Ratliff's argument under the "new rule" doctrine. (*Id.* at 8.) Ratliff argues that, under 28 U.S.C. § 2244(d)(1)(C) the one year limitations period did not begin to run until the Ohio Supreme Court decided *Foster* on February 27, 2006. Section 2244(d)(1)(C) provides that the one-year statute of limitations begins to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The magistrate judge concluded that § 2244(d)(1)(C) is not applicable because (1) *Foster* was not decided by the U.S Supreme Court and (2) *Blakely v. Washington* does not apply retroactively to cases on collateral review. (*Id.* at p. 8-9.)

Lastly, the magistrate judge rejected Ratliff's argument that equitable tolling applies to this case. (*Id.* at p. 9-10.) After noting that equitable tolling is rarely appropriate and listing the factors considered in analyzing the issue, the magistrate judge concludes that equitable tolling is not appropriate in light of Ratliff's failure to exercise due diligence in timely filing his petition.

## IV. DISCUSSION

The Court agrees with the magistrate judge's conclusion that Ratliff's petition is time-barred pursuant to the AEDPA's one-year statute of limitations. Ratliff's objections do not touch on the merits of his petition, but only address the AEDPA statute of limitations issue. The Court will therefore focus its discussion almost exclusively on this issue and only briefly address the merits of Ratliff's petition.

Ratliff presents two objections to the magistrate judge's R&R. First, he argues that the *Foster* decision voided his sentence and, as a result, there is no "final appealable order for sentencing purposes." (Doc. 14 at p. 1.) Second, he argues that his sentence is void under Ohio law because

6

he was not informed of the imposition of post release control at his sentencing hearing. (*Id.*) He contends that both arguments lead to the conclusion that the AEDPA statute of limitations is not applicable to his petition. (Doc. 14.)

    **A.**     **Ratliff's Petition is Time-Barred Pursuant to the AEDPA's One-Year Statute of Limitations**.

It is undisputed – and readily discernable from the record – that the procedural history of this case is as follows:

    **1.**     **Procedural Timeline**

| | |
|---|---|
| October 5, 2001 | Ratliff enters a guilty plea to one count of first degree rape. |
| January 11, 2002 | Ratliff is sentenced to a prison term of ten years and classified (as stipulated) as a sexual predator. |
| [June 24, 2004 | *Blakely v. Washington*, 542 U.S. 296 (2004), decided.] |
| August 30, 2004 | Ratliff attests that he learned of his right to appeal "on or about" this date. (Doc. 12 at p. 3-4.) |
| September 25, 2005 | Ratliff files a motion for leave to file a delayed appeal. |
| November 21, 2005 | The Seventh District Appellate Court of Ohio denies Ratliff's motion for leave to file a delayed appeal for failure to show good cause for delay. |
| January 3, 2006 | Ratliff files an appeal with the Ohio Supreme Court. |
| [February 27, 2006 | *State v. Foster*, 109 Ohio St. 3d 1 (Ohio 2006), decided.] |
| April 12, 2006 | The Ohio Supreme Court denies Ratliff leave to appeal. |
| August 11, 2006 | Ratliff files this petition for a *writ of habeas corpus*. |

    **2.**     **The AEDPA Statute of Limitations**

As outlined above, the AEDPA requires *habeas* petitions to be filed within one year of the latest of four triggering dates. 28 U.S.C. § 2244(d)(1)(A)-(D).

    **i.**     **§ 2244(d)(1)(A)**

7

Here, it is clear that Ratliff's petition is time-barred under the first triggering date, § 2244(d)(1)(A), which states that the statute begins to run on "the date on which the judgment became <u>final</u> by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). As the timeline above indicates, Ratliff was sentenced on January 11, 2002. Because he did not file a timely appeal within 30 days as required by Rule 4(A) of the Ohio Rules of Appellate Procedure, the triggering date for purposes of § 2244(d)(1)(A) is February 11, 2002. Ratliff therefore had until February 11, 2003 to file his *habeas* petition. Ratliff did not file this petition until 2006. The magistrate judge correctly concluded that Ratliff's petition is time-barred under § 2244(d)(1)(A). (*See* Doc. 13 at p. 6.)

Additionally, Ratliff cannot argue that his motion for leave to file a delayed appeal alters the triggering date in this case. It is well-established that a petitioner cannot indefinitely delay the running of the statute of limitations in a federal *habeas* action simply by obtaining a delayed appeal in state court. *Searcy v. Carter,* 246 F.3d 515 (6th Cir. 2001). Although filing a motion for delayed appeal may toll the limitations period, it does not cause it to begin running "anew." *Id*. at 519. A motion for delayed appeal, "even if granted, does not restart the statute of limitations . . . ." *DiCenzi v. Rose*, 452 F.3d 465, 468-469 (6th Cir. 2006); *see also Johnson v. Warden*, Slip Copy, No. 1:06CV156, 2007 WL 2206550 (S.D. Ohio July 30, 2007) (holding that filing for delayed appeal tolls but does not restart the statute of limitations).

### ii. § 2244(d)(1)(B)

Section 2244(d)(1)(B) is also inapplicable here. Ratliff attests that he learned of his right to appeal on August 30, 2004. He did not file his motion for leave to file a delayed appeal until over a year later, however, and did not file his *habeas* petition until almost *two* years later, on August 11,

8

2005. Therefore, even if Ratliff's argument under § 2244(d)(1)(B)that an impediment existed preventing him from filing his petition is cognizable, (*see* Doc. 12 at p. 2), he did not file his petition within one year of the date the impediment was removed. Moreover, Ratliff has not established that his misunderstanding as to whether he could appeal his conviction prevented him from timely filing a *habeas* petition. *See Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003).

### iii.     § 2244(d)(1)(C)

The magistrate judge also correctly concluded that the "new rule" doctrine under § 2244(d)(1)(C) is inapplicable here. (Doc. 13 at pp. 8-9.) Section 2244(d)(1)(C) provides that the AEDPA statute of limitations runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Under this provision, Ratliff argues that the triggering date for the AEDPA statute of limitations should be the date on which the Ohio Supreme Court decided *Foster*. As stated in the R&R, the new rule doctrine does not excuse Ratliff's untimely filing "for two reasons: 1) the *Foster* case was decided by the Ohio Supreme Court, not the U.S. Supreme Court, and 2) the underlying *Blakely* decision does not apply retroactively to cases on collateral review, that is, after a conviction has become final on direct appeal." (Doc. 13 at pp. 8-9.)

### iv.     § 2244(d)(1)(D)

The magistrate judge was also correct in concluding that § 2244(d)(1)(D), which provides that the AEDPA statute of limitations may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," is inapplicable here. (Doc. 13 at p. 9.) Ratliff's *habeas* claims relate to his sentence. Therefore, he

9

was aware of the factual predicate of his claims on the date of his sentencing. With this in mind, and as noted by the magistrate judge, the AEDPA statue of limitations begins to run under § 2244(d)(1)(D) "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *see also Townsend v. Lafler*, 99 Fed. Appx. 606, 2004 WL 1098757 (6th Cir. May 14 2004), *cert. denied*, 543 U.S. 1062 (2005).

Even if, as Ratliff contends, the factual predicate could not have been discovered until Ratliff had exhausted his appeals from the denial of his motion for leave to file a delayed appeal, he has not satisfied his § 2244(d)(1)(D) due diligence burden. *Townsend*, 2004 WL 1098757 at *2 ("Habeas claimants invoking this provision shoulder the burden of proving that they exercised due diligence."). Ratliff simply argues that he did not pursue an appeal because he erroneously (and, he claims, reasonably) inferred from the court's statements in connection with his guilty plea that he did not have a right to appeal. The fact that Ratliff misinterpreted the court's statements regarding the right to appeal, (*see* Doc. 9, Exh. 2 at p. 12-13), does not alone justify his failure to pursue an appeal for three years and approximately eight months. *See Johnson v. United States*, 544 U.S. 295, 311 (2005). Ratliff has not shouldered his burden with regard to due diligence and is not entitled to treatment under § 2244(d)(1)(D).

### 3. Equitable Tolling

Similarly, the magistrate correctly concluded that equitable tolling is not appropriate here. (Doc. 13 at pp. 9-11.) As stated in the R&R, this is not one of the rare circumstances in which equitable tolling is warranted. Ratliff has not demonstrated that he diligently pursued his rights in between the time of his sentencing and the date of his motion for leave to file a delayed appeal. (Doc.

13 at p. 10.) Moreover, even if equitable tolling is appropriate for the time period prior to Ratliff's recognition of his right to appeal on or about August 30, 2004, equitable tolling would not apply to the nearly two year period between August 30, 2004 and August 11, 2006 (the date Ratliff filed this petition).

### B.     Ratliff's Objections

Ratliff's first objection is that the statute of limitations could not have run because his sentence was voided by the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St. 3d 1. (*See* Doc. 14.) This objection is not well-taken because *Foster* does not apply to Ratliff's case. Ratliff's statement in his objections that "[a] Pre-Foster sentence is a void sentence" clearly exaggerates the impact of *Foster*, particularly for purposes of *habeas* review.  As a state court decision interpreting federal constitutional law, *Foster* is dependant on *Blakely* in the *habeas* context. *Blakely*, however, does not apply to cases on collateral review and is not applicable here. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005), *cert. denied*, 546 U.S. 885 (2005).

Furthermore, as noted by the magistrate judge, the changes in Ohio sentencing law as a result of *Foster* apply only to cases pending on direct review. (Doc. 13 at p. 9 n.3.) Ratliff's sentence was not pending on direct review at the time *Foster* was issued on February 27, 2006. Although Ratliff's appeal from the denial of his motion for leave to file a delayed appeal was before the Supreme Court at that time, the issue on appeal was Ratliff's failure to file a timely appeal, not his sentence.

In his second objection, Ratliff argues that the AEDPA statute of limitations does not apply because his sentence is "void" as a result of the state court's failure to inform him that he was sentenced to post release control. (Doc. 14 at p. 1-2.) Ratliff cites an Ohio case, *State v. Bezak*, 868

11

N.E.2d 961, 963 (Ohio 2007), for the proposition that failure to inform a defendant of the imposition of post release control voids the sentence and requires re-sentencing. To the extent it is even relevant given that it raises an issue of state law, this objection is directly contradicted by the factual record. Specifically, the Judgment Entry reflecting Ratliff's sentence expressly states that he was informed that he will be subject to a period of post release control. (Doc. 9-7 at p. 2.)

### C. Brief Review of the Merits

The Court **DENIES** Ratliff's petition for a *writ of habeas corpus* and **DISMISSES** his case under the procedural bar erected by the AEDPA's one-year statute of limitations. Although this alone is sufficient to justify dismissal, Ratliff's petition also fails on the merits. The following discussion *very* briefly addresses Ratliff's grounds for relief.

Ratliff asserts two grounds for relief under *Apprendi*, 530 U.S. 466 and *Blakely*, 542 U.S. 453. Ratliff's sentence did not violate *Apprendi* because his sentence did not *exceed* the statutory maximum penalty. *See Apprendi*, 530 U.S. at 490. As discussed above, Ratliff's sentence does not implicate *Blakely* because he was sentenced over two years prior to *Blakely* and the Sixth Circuit has held that *Blakely* is not retroactively applicable on collateral review. *See Humphress*, 398 F.3d at 860.

Ratliff's remaining grounds for relief do not challenge his underlying conviction or sentence. Instead, they challenge the state court's denial of his motion for leave to file a delayed appeal, his classification as a sexual predator (a classification to which he stipulated), and the Ohio Supreme Court's holding in *Foster*. Federal district courts only have jurisdiction to review *habeas* petitions filed by those "in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. §§ 2254(a) and 2241(c)(3).

12

With respect to Ratliff's challenge to the denial of his motion for leave to file a delayed appeal, the federal district court does not have jurisdiction to review a state court decision interpreting state appellate rules. *See Vroman*, 346 F.3d at 604; *see also Duffel*, 785 F.2d at 133.

Ratliff's challenge to his classification as a sexual predator likewise fails to satisfy the "in custody" requirement for federal *habeas* review. This Court has held that classification as a sexual predator does not meet the "in custody" requirement. *See Booker v. Anderson*, No. 1:06cv1080, *Slip Copy*, 2007 WL 1731282 at *4 (N.D. Ohio June 14 2007) (J. O'Malley) (citing *Thomas v. Morgan*, 109 F. Supp. 2d 763, 767 (N.D. Ohio 2000)). Under the circumstances of this case, in which Ratliff stipulated to classification as a sexual predator, the Court does not have jurisdiction to address this particular challenge.

Finally, Ratliff's challenge to the *Foster* decision falls outside this Court's jurisdiction. As discussed above, and noted in the R&R, *Foster* does not apply to Ratliff's sentence. (*See* Doc. 13 at pp. 8-9.)

## V.  CONCLUSION

For the foregoing reasons, Ratliff's petition is time-barred by the AEDPA's one-year statute of limitations. The Court therefore **ADOPTS** the magistrate judge's R&R **DENYING** Ratliff's petition for a *writ of habeas corpus*.

Accordingly, Dennis Ratliff's petition for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and his case **DISMISSED.**

**IT IS SO ORDERED.**

                                                        s/Kathleen M. O'Malley
                                                        KATHLEEN McDONALD O'MALLEY
**Dated: November 30, 2007**                        **UNITED STATES DISTRICT JUDGE**